AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case



# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Norfolk Division

UNITED STATES OF AMERICA

v.

**JAMIL TAYLOR-KAMARA**

Defendant.

Case Number:  2:19CR00042-001

USM Number:  93144-083

Defendant's Attorney:  Andrew M. Sacks

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 and 2 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy to Distribute and Possess with Intent to Distribute Marijuana | Felony | October 29, 2018 | 1 |
| 18 U.S.C. 1956(h) | Conspiracy to Commit Money Laundering | Felony | July 25, 2018 | 2 |

As pronounced on August 21, 2019, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 26 day of August, 2019.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

Henry Coke Morgan, Jr.
Senior United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2 of 6

| Case Number: | **2:19CR00042-001** |
|---|---|
| Defendant's Name: | **TAYLOR-KAMARA, JAMIL** |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS**.  This term of imprisonment consists of a term of SIXTY (60) MONTHS on Count 1 and a term of SIXTY (60) MONTHS on Count 2, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

      1)   That drug treatment be made available to the defendant.

      2)   That the defendant be confined in an institution as close as possible to the Tidewater, Virginia area.

      3)   That the defendant completes his education.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this Judgment.

_____

UNITED STATES MARSHAL

By      _____

DEPUTY UNITED STATES MARSHAL

Case Number:       2:19CR00042-001
Defendant's Name:  TAYLOR-KAMARA, JAMIL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FOUR (4) YEARS**. This term consists of a term of FOUR (4) YEARS on Count 1 and a term of THREE (3) YEARS on Count 2, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

**Case Number:** 2:19CR00042-001
**Defendant's Name:** TAYLOR-KAMARA, JAMIL

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall refrain from the use of any controlled substances and submit to at least one drug test for same within 15 days from the commencement of his supervised release and at least two periodic tests thereafter.

2) If the defendant tests positive for substance abuse he shall be required to participate in a program approved by the United States Probation Office which may include residential or inpatient treatment as determined by his needs and the availability of such treatment if it becomes necessary.

3) The defendant shall waive the right of confidentiality with respect to the treatment so that the United States Probation Office and if necessary the Court may determine the nature and extent of such further treatment as he may need.

4) The defendant shall give the probation officer access to any requested financial information.

5) The Court is not going to make any provision for child support at this time but reserves the right to do so during the defendant's period of supervised release. The defendant shall comply with any outstanding orders for child support.

6) If the defendant is not employed full time during his period of supervised release and if such unemployment continues for a period of 60 days or more the Court orders that the defendant seek vocational training or the completion of his college education.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

**Case Number:**          **2:19CR00042-001**
**Defendant's Name:**     **TAYLOR-KAMARA, JAMIL**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $100.00 | $0.00 | $0.00 |
| | 2 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | | **$200.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release.

## RESTITUTION

No restitution has been imposed in this case.

## FORFEITURE

SEE Consent Order of Forfeiture entered and filed by the Court on August 21, 2019.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

| Case Number: | 2:19CR00042-001 |
|---|---|
| Defendant's Name: | TAYLOR-KAMARA, JAMIL |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due and payable immediately and if not immediately paid, may be deducted in installments from the defendant's prison account in accordance with the rules and regulations applicable to such accounts.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.